UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL BEAN

    Petitioner,                               CASE NO. 2:10-cv-10564
                                             HONORABLE JOHN CORBETT O'MEARA
v.                                            UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Cheryl Bean, a state inmate, filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Oakland Circuit Court of armed robbery, MICH. COMP. LAW 750.529, and assault with intent to cause great bodily harm. MICH. COMP. LAW 750.84. For the reasons which follow, the petition will be denied.

I. Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions stem from a theft at a retail store in Oak Park. A store security guard, Anthoney Reed, noticed defendant and her female friend arrive at the store carrying big empty handbags. The guard became distracted by a group of children, but when his attention returned to defendant and her friend, he noticed that their bags now contained items. Reed followed defendant and observed her place a number of caps in her bag. He also saw defendant's companion place several shirts in her bag. The two women then attempted to leave the store, and Reed and his partner, Keith Tobar, followed them and tried to stop them. Reed told the women that he was a security guard, and asked them to stop. When they continued, Reed

> detained defendant's companion. Tobar tried to apprehend defendant. Tobar testified that defendant pulled a pair of needle-nosed pliers from her pocket and told him to get away from her and that she was going to kill him. Tobar testified that defendant stabbed him five times with the pliers, hitting him in his left forearm as he was trying to shield himself. Tobar wrestled the pliers from defendant, and also managed to grab her bag and a set of keys. Defendant escaped to a nearby van and drove away. Hats taken from the store were found in the van following defendant's arrest.

*People v. Bean*, 2009 Mich. App. LEXIS 1183, *1-2 (Mich. Ct. App. May 26, 2009).

Following her conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claim:

> I. Whether the jury instruction failed to properly articulate that the charged crimes were specific intent crimes.

The Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court which raised the same claim. The Michigan Supreme Court denied the application in a standard order. *People v. Bean*, 485 Mich. 929, 773 N.W.2d 708 (2009). Petitioner's application for habeas relief raises the same claim she presented to the state courts.

## II. Analysis

### A. Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable

>application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); see also *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, U.S. , 131 S. Ct. 770, 789, 178 L. Ed. 2d 624 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state

court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## B. Jury Instructions

Petitioner claims that the trial court erred when it failed to instruct the jury on the differing mental states required to satisfy the elements of the two charged offenses. Specifically, Petitioner argues that both armed robbery and assault with intent to commit great bodily harm are so-called "specific intent" crimes that require different mental states, but that the standard jury instructions did not adequately inform the jury of this fact. Respondent asserts that the claim is procedurally

4

defaulted because Petitioner's trial counsel approved of the jury instructions. Alternatively, Respondent asserts that the claim is without merit.

The Michigan Court of Appeals considered and rejected this claim as follows:

> Defendant argues that the trial court erred when it gave jury instructions on the charged crimes of robbery and assault. She maintains that the trial court's failure to instruct the jury that these crimes require specific intent constituted plain error that affected the outcome of her trial.
>
> "A defendant may not waive objection to an issue before the trial court and then raise it as an error on appeal." *People v. Carter*, 462 Mich. 206, 214; 612 N.W.2d 144 (2000). "Waiver is the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which . . . [is] the failure to make the timely assertion of a right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. Mere forfeiture, on the other hand, does not extinguish an 'error.'" *Id.* at 215 (internal citations omitted). Affirmatively approving a jury instruction extinguishes any error. *Id.* at 216, citing *United States v. Griffin*, 84 F.3d 912, 923-924 (7th Cir. 1996).
>
> When the trial court finished reading the jury instructions in the instant case, the court asked whether the prosecution or defense had any objection to the instructions as delivered. Defense counsel replied, "No, your honor. I understand the Court's ruling on 7.15 and agree with the instructions as given." Thus, despite defendant's characterization of this issue on appeal as forfeiture, under *Carter*, defense counsel affirmatively approved the jury instructions read by the trial court, which extinguishes any error and precludes review.
>
> Moreover, even if we were to conclude that defendant merely forfeited the issue, defendant cannot show that the trial court plainly erred. The trial court instructed the jury that the prosecutor had to show that defendant took the property "with the intent to take it away from the person permanently" in order to prove defendant guilty of robbery. As to AWGBH, the jury was instructed that the prosecutor was required to prove that "the defendant intended to cause great bodily harm." These intent instructions were proper. *See People v. King*, 210 Mich.App. 425, 428; 534 N.W.2d 534 (1995); *People v. Mitchell*, 149 Mich.App. 36, 38-39; 385 N.W.2d 717 (1986); CJI2d 17.7. Given that the trial court intent instructions were correct, the trial court's failure to read a further instruction on specific intent was not reversible error. *See People v. Maynor*, 470 Mich. 289, 296; 683 N.W.2d 565 (2004); *People v. Mitchell*, 61 Mich.App. 153, 163; 232 N.W.2d 340 (1975).

*Bean*, 2009 Mich. App. LEXIS at \*2-4 (footnote omitted).

Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

As reflected in the opinion of the Michigan Court of Appeals, there is no question that the procedural rule which requires preserving issues at the trial by contemporaneous objection was firmly established and regularly followed at the time of Petitioner's appeal. *See People v. Carines*, 460 Mich. 750, 764; 597 N.W.2d 130 (1999); *People v. Grant*, 445 Mich. 535, 546-47; 520 N.W.2d 123 (1994). *See also, People v. Pollick*, 448 Mich. 376, 386-88; 531 N.W.2d 159 (1995), *quoting People v. Hardin*, 421 Mich. 296, 322-23; 365 N.W.2d 101 (1984) (court does not approve a procedure whereby counsel may "sit back and harbor error to be used as an appellate parachute in the event of jury failure").

Accordingly, review of Petitioner's claim is barred unless she can establish cause to excuse the default and prejudice. Petitioner can do neither. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The only viable candidate for cause would be the assertion that Petitioner's counsel was ineffective for failing to object to the jury instructions. However, when a petitioner claims ineffective assistance of counsel as cause for a procedural default, the allegation of ineffectiveness is a separate claim which must itself be exhausted in state court according to the normal procedures. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986) ("The exhaustion doctrine…generally requires that a claim of ineffective assistance of counsel be presented to state courts before it may be used to establish cause for a procedural default."). According to *Edwards*, the failure to exhaust the ineffectiveness claim will itself constitute a procedural default of the cause argument and prevents a federal court from hearing it. 529 U.S. at 452. Petitioner never exhausted a claim that her trial counsel was ineffective for failing to object to the alleges instances of prosecutorial misconduct, and therefore she cannot demonstrate cause to excuse her default.

Moreover, Petitioner has not demonstrated that she suffered actual prejudice. "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage, infecting [her] entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002) (*citing United States v. Frady*, 456 U.S. 152, 170-71). There was no prejudice here because the jury instructions fairly and correctly informed

the jury of the requisite mental state for the charged offenses.

The question on habeas review of jury instructions is not whether the instructions were "undesirable, erroneous, or even 'universally condemned.'" *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). Instead, before a federal court may overturn a state conviction, the aiding instruction must have either violated "some right which was guaranteed to the defendant by the Fourteenth Amendment" or infected the entire trial to such an extent that the resulting conviction violates due process. *Id.* at 146-47.

Under Michigan law, armed robbery is a specific intent crime for which the prosecutor must establish that the defendant intended to permanently deprive the owner of property. *People v. King*, 210 Mich. App. 425, 428; 534 N.W.2d 534 (1995) (citations omitted). "However, a trial court is not required to use the phrase 'specific intent' in an instruction to the jury." *People v. Peery*, 119 Mich. App. 207, 214, 326 N.W.2d 451 (1982). The trial court here instructed Petitioner's jury that, to prove the armed robbery charge, the prosecutor had to demonstrate, among other things, that Petitioner took money or property which did not belong to her and that she intended to take it away permanently. Trial Tr. at 216. This instruction adequately explained the element of specific intent to commit a robbery. With respect to the assault charge, state law requires the prosecutor to prove beyond a reasonable doubt, inter alia, a specific intent to do great bodily harm less than murder. *People v. Bailey*, 451 Mich. 657, 549 N.W.2d 325, 331 (1996). Here, the trial court instructed the jury of his requirement as well. Id., at 217. Contrary to Petitioner's claim, therefore, the jury instructions adequately conveyed the mental state elements of the charged crimes.

Accordingly, review of Petitioner's habeas claim is procedurally barred.

III. Conclusion

The Court will deny the Petition for Writ of Habeas Corpus. The Court will also deny Petitioner a Certificate of Appealability. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R.APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that she should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727,

735 (E.D. Mich. 2002).

## V. Order

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date:  June 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 30, 2011, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager